UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM FATE ALLEN, JR., ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-416 RM |
| ) | |
| ED G. BUSS, ) | |
| ) | |
| Respondent ) | |

OPINION AND ORDER

William Fate Allen, Jr., a *pro se* prisoner, filed this habeas corpus petition challenging the determination of the Disciplinary Hearing Body (DHB) on July 16, 2007 that he was guilty of battery in violation of A-102. He was sanctioned with the loss of 90 days of earned credit time. The respondent has filed a return and Mr. Allen has filed a traverse. Mr. Allen raises four grounds in his petition.

First, he alleges that the DHB violated its own rules when it held his hearing nine working days after the conduct report was written. DHB rules require that the hearing be held within seven days.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). Even if the DHB didn't follow its own rules, then, that is not a basis for habeas corpus relief.

Second, Mr. Allen alleges that the conduct report, "fail[s] to describe the 'specific' conduct on which the charge is based on." Petition at 4, docket # 1. Mr. Allen doesn't identify what additional information he believes he needed to understand the charges against him. Wolff v. McDonnell, 418 U.S. 539 (1974), only requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. Mr. Allen's conduct report named him as the offender and described the incident as occurring on June 25, 2007 at about 10:14 a.m. in the G-Dorm Housing Unit. "Offender Matney 116406 was found with injuries to his head. An investigation revealed the above offender assaulted Matney." Conduct Report, docket # 8-2. This conduct report adequately informed Mr. Allen of the charges against him.

In his traverse, Mr. Allen mistakenly compares his disciplinary hearing to a court trial on criminal charges. Based on this comparison he argues that he had the right to confront and cross-examine the witnesses against him. The rights afforded the accused in a prison disciplinary proceeding are circumscribed by Wolff and are much more limited than those afforded to those accused in a court of law.

> Further, to the extent that Piggie envisioned calling Nowatzke as an adverse witness in order to question the basis for his conduct report, we note that he had no right to confront or cross-examine adverse witnesses in his disciplinary proceeding.

Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003).

Third, Mr. Allen alleges that he was denied the opportunity to obtain a statement from Offender Capparell. On the Report of Disciplinary Hearing, the DHB noted that

2

"Offender requested statement from Off. Capparell. Off. Capparell refused to write one and we can not force him." Docket # 8-5. Though Wolff v. McDonnell, 418 U.S. 539 (1974), requires that Mr. Allen have the right to present relevant exculpatory evidence, it doesn't obligate a called witness to testify. Though the court has not been provided with a Notice to Lay Advocate /Witness form (State Form 35447) for Offender Capparell as it has for the five other witnesses (docket ## 8-9, 8-10, 8-11, 8-12, 8-13, and 8-14), the Federal Constitution does not require the use of a specific state form. The DHB stated on the Report of Disciplinary Hearing that Offender Capparell refused to write a statement, so Mr. Allen was not denied the opportunity to try to obtain Offender Capparell's testimony.

Fourth, Mr. Allen alleges that he was denied the opportunity to submit videotape of the incident. On the D.H.B. Video Review Form, it states, "There is no video that records in G dorm." Docket # 8-7. Mr. Allen alleges in his petition that this is false and that there is a camera, "looking right down to G-Dorm's doorway." Petition at 6. In his return, the respondent states, "The existence of a camera, however, does not show that video of the incident exists," and the Petitioner provides no other support for his contention. Mr. Allen did not address this claim in his traverse.

> [W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies.

<u>Johnson v. Finnan</u>, 467 F.3d 693, 694 (7th Cir. 2006) (emphasis added). Mr. Allen hasn't provided any competent evidence that video of the incident existed. Therefore he has no basis habeas corpus relief.

    For the foregoing reasons, the habeas corpus petition is DENIED.

    SO ORDERED.

    ENTERED: August  11 , 2008

                                      /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United State District Court